UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SPECIALIZED TRANSPORTATION
OF TAMPA BAY, INC.,**

    **Plaintiff,**

v.                                                               Case No.  8:06-CV-421-T-30EAJ

**NESTLE WATERS NORTH AMERICA,
INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon cross motions for partial summary judgment (Dkts. 73 and 74) on Count V of the Plaintiff's Amended Complaint (Dkt. 68) and responses in opposition thereto (Dkts. 76 and 77). This case involves a dispute over the parties' contractual rights and obligations regarding delivery services Plaintiff Specialized Transportation of Tampa Bay, Inc. ("Specialized Transportation," "Specialized," or "Plaintiff") provided for Defendant Nestle Waters North America, Inc. ("Nestle" or "Defendant") and Plaintiff's assertion that Defendant breached an oral contract with Plaintiff pursuant to which Plaintiff reconfigured its fleet of vehicles to accommodate Defendant's shipping needs (the so-called "doubles" program) (Dkt. 2 at 2-6). Having considered the motions and responses thereto and being otherwise advised of the premises, the Court concludes that neither party is entitled to judgment as a matter of law on Count V of the

complaint, see Fed. R. Civ. P. 56(c) (2007).

## **Standard of Review**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

**Florida Law Governs This Dispute**

In this cause of action, the Court's jurisdiction is based upon diversity, see 28 U.S.C. § 1332, and the case arises under Florida law. In diversity cases arising under Florida law, a federal court is bound by the law articulated by the Florida Supreme Court. See Shapiro v. Associated Int'l Ins. Co., 899 F.2d 1116, 1118 (11th Cir. 1990). If the Florida Supreme Court has not spoken on an issue, Florida District Court of Appeals decisions control absent persuasive indication that the Florida Supreme Court would rule otherwise. See Blanchard v. State Farm Mut. Auto. Ins. Co., 903 F.2d 1398, 1399 (11th Cir. 1990).

**Factual Background**

On November 29, 2001, Plaintiff Specialized Transportation entered into a written agreement to transport bottled water from the Zephyrhills Spring Water facility located in Zephyrhills, Florida, to Zephyrhills' customers in Florida. Defendant, as successor in interest to Perrier, is Zephyrhill's parent company. Personnel at the Zephyrhills facility released a Request for Proposals on December 7, 2001, seeking "a transportation logistics provider for a dedicated fleet based at its [facility] . . . to improve logistics cost and customer service while increasing efficiency throughout [its] entire logistics network" (Dkt. 47, Ex. D). Plaintiff responded to the Request for Proposals, suggesting the "doubles" program.

The Request For Proposals identified Joel Adams, Zephyrhills' Regional Manager - Distribution, as the point of contact for any questions regarding the content of the Request. Acting in his capacity as Plaintiff's employee, Charles Carver entered into discussions with

Adams regarding the proposed "doubles" program, exploring the possibility of a three-year contract under which Nestle would pay Specialized Transportation to haul water from Nestle's Zephyrhills facilities to its retail customers in south Florida, using a system by which one truck would haul two trailers at a time.

Specialized Transportation believed that during the course of these negotiations it had reached an oral agreement with Nestle whereby Specialized Transportation would begin preparations for the "doubles" program immediately, and in exchange Nestle would compensate Specialized for its start-up costs in the event that the two parties failed to enter into the contemplated long-term written hauling contract. Specialized Transportation calculated its start-up costs as $585,000.

Defendant Nestle disputes this understanding. Nestle contends that Adams had neither the actual nor apparent authority to enter into such an agreement with Specialized Transportation and that all such contracts would have needed to be approved by Nestle's management and legal department in Greenwich, Connecticut. Additionally, Nestle seems to call into question the factual accuracy of Specialized Transportation's description of the oral agreement, arguing that Adams would not have entered into the agreement as understood by Specialized Transportation because that agreement was commercially unreasonable and out of line with Nestle's standard business practices. Specifically, Nestle argues that it is unreasonable that the $585,000 figure did not include an offset for the value of the equipment Specialized Transportation intended to keep. Further, Nestle alleges that neither it nor Specialized Transportation obligates itself to such large expenditures through oral agreement,

and that it was the standard practice of Nestle and Specialized Transportation to memorialize such obligations in writing.

Nevertheless, Specialized Transportation did incur start-up expenses by training their drivers to haul two trailers at once, modifying their trucks, obtaining the appropriate permits from the state, and conducting a series of deliveries using the "doubles" configuration. Ultimately, however, the parties' negotiations failed, and a written agreement regarding the Doubles Program was never executed.

In May 2003, a dispute arose between the parties regarding accounts receivables unrelated to the Doubles Program (Dkt. 2 ¶ 8). At that time, Nestle, acting in accord with the November 29, 2001 agreement, terminated Plaintiff's services.

Plaintiff filed its complaint in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, on January 31, 2006 (Dkt. 1, Ex. 1). In its complaint, Plaintiff alleges that Defendant failed to compensate it for all the delivery services Plaintiff provided (Counts I, II, and IV); breached an oral agreement by failing to return 40 of Plaintiff's trailers to its facility in Tampa, Florida, between April 2002 through November 2002 (Count III); and breached an oral agreement under which Plaintiff purchased dual trailer equipment to facilitate delivery of Defendant's products by terminating the Doubles Program and refusing to reimburse Plaintiff for its start-up costs (Count V). Plaintiff seeks damages, prejudgment interests, and costs ( Dkt. 2).

Defendant removed the case to federal court pursuant to the Court's diversity jurisdiction over this matter under 28 U.S.C. §§ 1332 and 1441(a). Plaintiff is a citizen of

Florida, with a business address in Hillsborough County, Florida. Defendant, a Delaware corporation with its principal place of business in Greenwich, Connecticut, is authorized to do business in Florida and maintains offices in Hillsborough County, Florida. The amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interests and costs, established by 28 U.S.C. §1332(a).

Now before the Court are the parties' cross motions for Partial Summary Judgment on Count V of the Amended Complaint. For the reasons set forth below, the Court concludes that there remain genuine issues as to material facts and therefore summary judgment on the totality of this claim is inappropriate. However, Plaintiff is entitled to judgment as a matter of law as to some of Defendant's affirmative defenses.

## **Discussion**

Both Plaintiff's and Defendant's Motions for Summary Judgement as to Count V of the Amended Complaint must be denied because there exist disputes over material facts. Whether Adams had the actual or apparent authority to bind Defendant Nestle to the alleged oral contract with Plaintiff Specialized Transportation, whether Adams and Specialized Transportation had reached an agreement as to the material terms of their alleged oral contract, and whether Adams and Specialized Transportation intended the agreement to be executed within a year of its formation are genuine issues of material facts for a jury to decide. However, Summary Judgment is appropriate on several other issues raised in Plaintiff's motion. The Court will address these issues in turn.

**Adams's authority to bind Nestle**

Summary judgment is inappropriate in this case because Adams's authority to bind Nestle to the alleged contract is a genuine issue of material fact. See Anderson, 477 U.S. at 248 (observing that an issue is "genuine" where a reasonable jury could find for either party). In order to be able to bind Nestle to the contract, Adams must either have had the actual or apparent authority to do so. Based on the record before the Court, a reasonable jury could conclude that Adams had both, either, or neither.

In support of its assertion that Adams had the actual authority to bind Nestle, Plaintiff Specialized Transportation relies on Adams's testimony that "Nestle placed Adams in charge of both transportation and warehousing for Nestle in the southeastern United States," (Dkt. 73 at 19), and that Nestle - antecedent to Adams's negotiations with Plaintiff - had "pressured its managers . . . to decrease the costs associated with transporting its products." (Id. at 20). Had these factual claims been left without rebuttal they may well have provided sufficient basis for a grant of summary judgment on the issue of actual authority, see Bradley v. Waldrop, 611 So. 2d 31, 32 (Fla. 1st DCA 1992).

However, Nestle disputes the factual accuracy of these assertions and offers contrary evidence of its own. Particularly, Nestle offers the testimony of Adams's supervisor Michael Roberts and Adams's successor Ron Kane, who contend that neither they nor Adams had authority to bind Nestle to the kind of oral agreement at issue in this case and that any agreement obligating Nestle to a capital expenditure would have had to be in writing and approved by Nestle's headquarters in Greenwich, Connecticut. (Dkt. 54, Exs. E and G). The

weighing of such conflicting testimony and the resolution of such factual disputes are within the province of the jury, and their presence before the Court precludes summary judgment for either party. See Anderson, 477 U.S. at 248-49.

Whether Adams had the apparent authority to bind Nestle is likewise a question for the jury in this case. Three elements are necessary to establish apparent authority: (1) a representation by the purported principle (in this case, Nestle), (2) reliance on that representation by a third party (Specialized Transportation), and (3) a change in position by the third party in reliance upon such representation. Lensa Corporation v. Poinciana Gardens Association, Inc., 765 So.2d 296, 298 (Fla. 4th DCA, 2000). Additionally, the reliance of a third party on the agent's apparent authority must be reasonable based on the actions of the alleged principle. Id.

Plaintiff Specialized Transportation argues that it is entitled to summary judgment on the basis of Adams's apparent authority to bind Nestle because Nestle gave Adams the title of "Regional Manager - Distribution," an office, a telephone number, email account, business cards, access to forms and other documents bearing Nestle's logo, and listed Adams as its contact person on the Request for Proposals that precipitated the alleged oral contract at issue in this case. (Plaintiff's Motion for Summary Judgment, p. 22). Additionally, Plaintiff alleges that Nestle honored previous oral contracts Adams entered into with Specialized Transportation on Nestle's behalf. (Id.) Again, had Nestle left these factual allegations undisputed, Plaintiff's likely would be entitled to judgment as a matter of law. See Almerico v. RLI Insurance Co., 716 So.2d 774, 777 (Fla. 1998) (Observing that apparent agency exists

where a principle furnishes its agent with blank forms, blank applications, a seal of the corporation, and stationary with the corporate name, as well as allows the agent to enter into insurance contracts on behalf of the principle).

However, Nestle disputes the accuracy of Adams's testimony and offers other evidence suggesting Plaintiff Specialized Transportation's inference that Adams had the authority to bind Nestle to an oral agreement concerning capital expenditure might have been unreasonable. Specifically, Nestle alleges that it has never honored the kind of oral agreement at issue in this case and argues that therefore Specialized's inference that Adams had the authority to bind nestle to such an agreement was unreasonable. (Defendant's Motion in Opposition to Plaintiff's Motion for Summary Judgment, p. 14). Ultimately, the exact nature of Nestle's representations and the reasonableness of Specialized Transportation's reliance on these representations is a genuine issue of material fact for a jury, rendering summary judgment inappropriate. Anderson, 477 U.S. at 248.

**Agreement on material terms of oral contract**

Summary judgment is also inappropriate in this case because whether Adams and Specialized reached a meeting of the minds on the material terms of a potential contract remains a genuine issue of material fact. Specialized Transportation alleges that, through Adams, they entered into an oral contract with Nestle whereby Nestle would reimburse Specialized Transportation for the start-up costs related to the "doubles" program if a long-term contract could not be reached. (Dkt. 73). Specialized Transportation further alleges that, through Adams, Defendant Nestle agreed to a liquidated damages provision setting damages

at $585,000. (Id.)

In support of this assertion, Plaintiff Specialized Transportation points to the following passage from Joel Adams's deposition:

> Q: And what was your understanding, if [Specialized Transportation] did not get the three- year contract, what was Nestle's responsibility in terms of the start up costs?
> A: That, you know, we would make Specialized whole on those – on those start-up costs.
> Q: Okay. In [Exhibit] number three, [the first draft of the three-year contract], it has certain start-up costs. Do you see that?
> A: Yes, I do.
> Q: All right. Do those start-up costs [check for figure] look, to you, in line with what was presented to you at the time?
> A: Yes, they do.

(Dkt. 73, ex. E).

However, Defendant Nestle correctly observes that this statement fails to provide the conclusive support for Plaintiff's allegations that summary judgment requires. While it is clear that Adams intended to bind Nestle to a reimbursement of "start-up costs," it is unclear that Adams intended to bind Nestle to a payment of the full $585,000 figure. Specifically, Nestle argues that any reasonable damages figure would include an offset for the value of the shipping equipment Specialized intends to keep, and that therefore Adams's statement acknowledging that Specialized Transportation spent $585,000 in "start-up costs" should not be construed as an agreement to a liquidated damages provision of the same amount. (Dkt. 76).

Indeed, Adams stated in deposition that he intended to obligate Nestle to "make Specialized whole" with regards to the start-up costs in connection with the "doubles" program. (Dkt. 73, Ex. E). To construe the $585,000 figure as a liquidated damages provision would not make Specialized Transportation "whole," as Adams says was his intention, but would instead overcompensate the Plaintiff, affording it an undeserved windfall.

Because there is a factual dispute over whether Adams and Specialized Transportation reached a "meeting of the minds" as to the material terms of their alleged oral contract, and because a reasonable jury could find for either party, summary judgment is not appropriate in this case.

**Applicability of the statute of frauds**

Summary judgment is similarly inappropriate on the issue of whether Plaintiff's claim is barred by the Florida statute of frauds. The Florida statute of frauds bars breach of contract claims that are not to be performed within one year, unless such agreements are in writing. Fla. Stat. § 725.01. The statute only bars a contract claim where it is apparent that the parties did not intend the agreement to be performed within a year from the time it was made. Yates v. Ball, 181 So.341, 344 (Fla. 1937).

Defendant Nestle's Motion for Summary Judgment on this ground is the result of an incorrect conception of the contract that Specialized Transportation alleges Nestle breached. Nestle argues that in its Amended Complaint, Plaintiff Specialized Transportation merely pleaded the same claim that this Court dismissed in its March 20, 2008 Order. (Dkt. 74 at 15). Nestle argues that therefore this claim is barred for the same reasons given in that Order.

However, this is not the case. Whereas in its original complaint Plaintiff pleaded a breach of an agreement to agree upon a three year hauling contract, in its amended complaint Plaintiff has alleged a breach of an oral contract to reimburse Plaintiff for its start-up costs should a final contract not be reached. These are two separate agreements.

Nevertheless, there remains a genuine issue of material fact as to whether the oral agreement at issue in this case was intended to be performed within a year. Plaintiff Specialized Transportation alleges that it was the intention of both parties to perform the oral agreement within one-year of the agreement's creation. However, as evidence for this assertion Plaintiff offers merely the statement of Bobby Webb, president of Specialized Transportation, that he believed "a final, written contract would be entered in a matter of months and would not take more than a year," (Dkt. 73, Ex. B, ¶17) and the statement of Joel Adams that he believed the three-year contract would materialize "with little or no difficulty in a very timely manner" (Dkt. 73, Ex. E). While it is clear that Webb intended the oral agreement to be performed within one year, it is unclear whether by Adams's use of the term "timely" he similarly meant for the agreement to be performed within one year.

Because there remains a genuine issue of material fact as to whether Adams intended the oral agreement to be performed within one year, summary judgment is inappropriate on the issue of whether Plaintiff's claim is barred by Florida's statute of frauds.

**Summary judgment is appropriate on several issues before the Court**

In its Motion, Plaintiff Specialized Transportation requests summary judgment on the affirmative defenses listed in Nestle's Answer to the Amended Complaint. (Dkt. 73 at 11).

Because some of Nestle's affirmative defenses are plainly without merit and involve no disputed issues of material fact, the Court may dispose of them on summary judgment.

Nestle's affirmative defense that Plaintiff's complaint should be dismissed for failure to state a claim is without merit. Plaintiff Specialized Transportation has appropriately pled a breach of contract claim and has provided sufficient evidence to proceed to a jury. The elements of a breach of contract claim are (1) a valid agreement, (2) a breach of that agreement, and (3) damages. See Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. 2d DCA 2006). Here, Specialized Transportation properly alleges that, through Adams, Nestle and Specialized transportation agreed that Specialized Transportation would immediately begin preparing to implement the "doubles" program, and in exchange Nestle would reimburse Specialized Transportation's start-up costs if a planned long-term hauling contract never materialized. Specialized Transportation properly alleges that Defendant Nestle breached this agreement by failing to compensate Plaintiff when Nestle decided not to enter into the long-term agreement, and that as a result Specialized Transportation suffered damages.

Similarly, Nestle cannot prevail on its contention that the oral agreement at issue before the Court lacks consideration. Consideration is an "act of plaintiff from which defendant derives benefit." Tampa Northern R. Co. v. City of Tampa, 140 So. 311 (Fla. 1932). Here, the alleged agreement clearly involves valid consideration. Specialized Transportation allegedly agreed to incur the start-up costs incident to the "doubles program" in return for Nestle's alleged promise that it would reimburse Plaintiff for those costs even if an agreement on the final hauling contract was not reached. Defendant received the benefit

of having the "doubles" program immediately operational if it had decided to enter in to the three-year contract. As such, defendant's contention that the alleged oral agreement at issue in this case lacks consideration is without merit and summary judgment on this issue is appropriate for Specialized Transportation.

It is therefore **ORDERED** and **ADJUDGED** that:

1. Plaintiff's Motion for Partial Summary Judgment as to Count V of the Amended Complaint is **DENIED** (Dkt.73).

2. Defendant's Motion for Partial Summary Judgment as to Count V of the Amended Complaint is **DENIED** (Dkt. 74).

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-421.sj 73.wpd