UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPECIALIZED TRANSPORTATION
OF TAMPA BAY, INC.,

               Plaintiff,

v.                         Case No. 8:06-cv-421-T-33EAJ

NESTLE WATERS NORTH AMERICA,
INC.,

               Defendant.
_____/

## **ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Attorney's Fees and Costs Pursuant to its Offer of Judgment (Doc. # 171), in which Plaintiff seeks $135,927.50 in attorney's fees and $2,340.33 in costs. Also before the Court is Defendant's Motion to Deny Plaintiff's Proposed Bill of Costs (Doc. # 182). For the reasons that follow, this Court denies both motions without prejudice.

## **Analysis**

On May 27, 2009, Defendant filed an appeal of this Court's May 18, 2009, Amended Judgment. (Doc. ## 194, 195). As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. Taylor v. Sterrett, 640 F.2d 663, 667-668 (5th Cir. Mar. 25, 1981, Unit A); see also

Silverthorne v. Laird, 460 F.2d 1175, 1178 (5th Cir. 1972).[1] The Court has discretion to deny a motion for attorney's fees and costs without prejudice to re-file after the appeal has concluded. The Advisory Committee Notes to Rule 54(d)(2) explain: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." See Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2).

If this Court were to resolve the attorney's fees and costs issues while an appeal remains pending, it would likely be asked to repeat the procedure following the appeal. This Court prefers to avoid the piecemeal adjudication of attorney's fees and costs. Immediate resolution of the collateral issues of attorney's fees and costs is unlikely to assist the Court of Appeals. The record reflects no good cause for the motion for attorney's fees and the motion to deny costs to remain pending during pendency of the appeal. Last, attorney's fees and costs are often resolved in

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

appellate mediation. See Larson v. Correct Craft, Inc., 6:05-cv-686-Orl-31-GKJ, 2008 U.S. Dist. LEXIS 32311, *3 (M.D. Fla. Apr. 18, 2008). Thus, the Court denies the aforementioned motions concerning attorney's fees and costs without prejudice to the parties' right to re-file the motions no later than fourteen days after entry of a mandate by the Court of Appeals.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Attorney's Fees and Costs Pursuant to its Offer of Judgment (Doc. # 171) is **DENIED WITHOUT PREJUDICE.**

(2) Defendant's Motion to Deny Plaintiff's Proposed Bill of Costs (Doc. # 182) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of June, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All counsel of record