UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SPECIALIZED TRANSPORTATION
OF TAMPA BAY, INC.,**

    **Plaintiff,**

v.                                                                         Case No.: 8:06-CV-421-T-33EAJ

**NESTLE WATERS NORTH AMERICA,
INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Before the court are Plaintiff's **Motion for Attorney's Fees and Costs Pursuant to Offer of Judgment** (Dkt. 200) and **Supplement** (Dkt. 208) and Defendant's **Responses in Opposition** (Dkts. 202, 210).[1] Plaintiff requests a total of $277,292.83 in attorneys' fees and costs under Fla. Stat. § 768.79 (the "offer of judgment statute") and Fed. R. Civ. P. 54 for work performed at the trial and appellate levels. The parties were unable to resolve this dispute at mediation.

**I.    Background**

The court's jurisdiction is based upon diversity of citizenship, see 28 U.S.C. § 1332, and the case arises under Florida law.[2] In its initial complaint, Plaintiff alleged that Defendant breached a written agreement between the parties for Plaintiff to provide water delivery services to Defendant's customers and an oral agreement (the "Services Agreement") pursuant to which Plaintiff

---

[1] The District Judge referred these motions to the undersigned. The undersigned issues this report and recommendation pursuant to Fed. R. Civ. P. 54(d)(2)(D) and 72(b).

[2] Both parties agree that the offer of judgment statute is substantive law for Erie purposes and is applicable to this case. See McMahan v. Toto, 311 F.3d 1077, 1080-81 (11th Cir. 2002).

reconfigured its fleet of trucks to accommodate Defendant's request that it utilize tandem trailers to transport water.

On June 19, 2007, Plaintiff served Defendant with an offer of judgment pursuant to the offer of judgment statute and Fed. R. Civ. P. 68.[3]  Plaintiff offered to "resolve any and all claims made by [Plaintiff] against [Defendant]" in this case in exchange for $300,000 "inclusive of all damages that may be awarded in a final judgment, including punitive damages ..., costs, attorneys' fees, and interest." (Dkt. 200, Ex. A at 1).  Defendant rejected the offer.

After Defendant rejected Plaintiff's offer and the offer had expired, the District Judge granted Defendant summary judgment as to Plaintiff's claim for breach of the Services Agreement based on the Statute of Frauds.[4]  Plaintiff then amended its complaint to allege the breach of a different oral agreement (the "Reimbursement Agreement").  Specifically, Plaintiff alleged that the parties agreed to enter into a three-year written contract for the tandem-trailer transport of water and that Defendant would pay Plaintiff's start-up costs if the parties failed to execute the written agreement.  Plaintiff did not serve an offer of judgment after amending its complaint.

At trial, the jury returned a verdict in favor of Plaintiff on all counts.  The court entered judgment in Plaintiff's favor on Counts I through IV (breach of the written agreement) for $22,080.33 and on Count V (breach of the Reimbursement Agreement) for $522,449.  The court

---

[3] Rule 68, Fed. R. Civ. P., the federal offer of judgment rule, is inapplicable in this case.  See Delta Air Lines, Inc. v. August, 450 U.S. 346, 351-52 (1981); see also Sullivan v. Greenwood Credit Union, 499 F. Supp. 2d 83, 89 (D. Mass. 2007) (Rule 68 only applies "when a prevailing plaintiff recovers less than the amount of an offer").

[4] Under Florida law, "[a] proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal." Fla. R. Civ. P. 1.442(f)(1).

later added $245,217.90 in prejudgment interest to the total judgment, resulting in a total award of $789,747.23. The District Judge denied Defendant's post-trial motions for judgment as a matter of law and a new trial. The judgment was affirmed on appeal

Defendant appealed on the theory that Plaintiff's claim for breach of the Reimbursement Agreement was fabricated to get around the Statute of Frauds and was merely an evolution of its claim for breach of the Services Agreement. The Eleventh Circuit rejected this argument and also affirmed the award of pre-judgment interest to Plaintiff. The Eleventh Circuit disagreed with Defendant's characterization of the two oral agreements – the Services Agreement and the Reimbursement Agreement – as one and the same, finding them distinct from one another.

## II.   Discussion

There is no dispute that Defendant rejected Plaintiff's June 19, 2007 offer of judgment and Plaintiff ultimately recovered more than 125 percent of its offer. According to Plaintiff, because its Amended Complaint is based on the "same nucleus of operative fact" as its original complaint, Plaintiff would have been prohibited from relitigating the claim for Reimbursement Agreement under the doctrine of res judicata had Defendant accepted its offer; thus, Plaintiff contends its offer is valid even though the claim for breach of the Reimbursement Agreement was not alleged at the time of Plaintiff's offer.

Defendant responds that the court should deny Plaintiff's motion because: (1) Plaintiff did not obtain a judgment in an amount sufficient to shift attorney's fees based on the claims asserted at the time Plaintiff made its offer; (2) granting Plaintiff's motion would violate Defendant's due process rights because it was not on notice of the Reimbursement Agreement when Plaintiff made its offer; and; (3) Plaintiff has not met its burden of demonstrating the reasonableness of its

attorneys' fees.

### A. Offer of Judgment Statute

Under certain conditions, the offer of judgment statute permits a plaintiff who prevails in a civil action to recover its attorneys' fees if it files an offer of judgment which is not accepted by the defendant:

> (1) ... If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.
>
> (2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
> (a) Be in writing and state that it is being made pursuant to this section.
> (b) Name the party making it and the party to whom it is being made.
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
> (d) State its total amount.

Fla. Stat. § 768.79.

If an offer satisfies these requirements, the plaintiff has a "mandatory right to attorney's fees." TGI Friday's, Inc. v. Dvorak, 663 So. 2d 606, 611 (Fla. 1995) (citation omitted); see Fla. Stat. § 768.79(6)(b) (if above requirements are met, plaintiff "shall be awarded reasonable costs ... and attorney's fees") (emphasis added). "The sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith." McMahan, 311 F.3d at 1083 (citation and internal quotation marks omitted).

Additional procedural requirements for submitting and accepting an offer of judgment and moving for attorney's fees after the final judgment are outlined in Fla. R. Civ. P. 1.442. See Tiara Condo. Ass'n v. Marsh USA, Inc., No. 08-80254-CIV, 2010 WL 1049322, at * 7 (S.D. Fla. Mar.

4

22, 2010). Under Rule 1.442(c)(2), a proposal for settlement must:

> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
> (B) identify the claim or claims the proposal is attempting to resolve;
> (C) state with particularity any relevant conditions;
> (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
> (F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
> (G) include a certificate of service in the form required by rule 1.080(f).

Fla. R. Civ. P. 1.442(c)(2).

The offer of judgment statute and Rule 1.442 must be strictly construed because they are in derogation of the common law rule that each party pay its own fees. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003). To comply with Rule 1.442(c), an offer of judgment must be "as specific as possible." 1 Nation Tech. Corp. v. A1 Teletronics, Inc., 924 So. 2d 3, 6 (Fla. 2d DCA 2005) (citation and internal quotation marks omitted). The offer must leave no ambiguities, "so that the recipient can fully evaluate its terms and conditions." Connell v. Floyd, 866 So. 2d 90, 92 (Fla. 1st DCA 2004) (citation omitted).

While the net judgment awarded to Plaintiff was more than 125 percent of Plaintiff's offer,[5] more is required to trigger entitlement to attorneys' fees under the offer of judgment statute. The offer must be stated with sufficient particularity to cover the subsequent claim asserted by Plaintiff after Defendant rejected the offer.[6] See JES Prop., Inc. v. USA Equestrian, Inc., 432 F. Supp. 2d

---

[5] Prejudgment interest is part of Plaintiff's total judgment pursuant to the offer of judgment statute. See Fla. Stat. § 768.79(6)(b); Frosti v. Creel, 979 So. 2d 912, 916-17 (Fla. 2008).

[6] Both sides attest to a dearth of Florida case law on this issue. Plaintiff cites to out-of-jurisdiction cases which are not controlling on the court. The main case on which Defendant relies, Southwinds Farm, Inc. v. Albertson, 664 So. 2d 13 (Fla. 3d DCA 1995), was decided under a

1283, 1293-94 (M.D. Fla. 2006) (holding offer invalid because, inter alia, it failed to adhere to requirements for specificity under Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442).

In JES Properties, the defendants served offers of judgment "intended to resolve all claims of relief." Id. at 1294. After the plaintiffs rejected the offers, they amended their complaint to add additional causes of action. Id. at 1288-92. After the court ruled for the defendants on summary judgment, defendants moved for attorneys' fees. Id. at 1292. The defendants' motions were denied because their offers "failed to address the [amended claims] ... and impermissibly failed to specify whether the claims would be resolved by a release (full or partial), a dismissal, or any other means." Id. at 1293-94. Thus, the plaintiffs were unable to fully evaluate the terms of the offers, as the statute and rule require. Id.

In this case, Plaintiff did not state its offer with sufficient particularity. Plaintiff's offer sought to resolve "any and all claims made by [Plaintiff] against [Defendant] in the above-styled case in the United States District Court for the Middle District of Florida ... inclusive of all damages that may be awarded in a final judgment, including punitive damages (for which no punitive damage claim is pending), costs, attorneys' fees, and interest." (Dkt. 200, Ex. A at 1). Plaintiff's reference to "claims made" – in the past tense – strongly suggests that Plaintiff intended to resolve only then-pending claims against Defendant, not future causes of action. Plaintiff could have worded its offer to include all future claims by Plaintiff in this action, but it did not. Cf. E. Atl. Realty & Inv. Inc. v. GSOMR LLC, 14 So. 3d 1215, 1218, 1220-21 (Fla. 3d DCA 2009) (enforcing offer to settle "all claims ... asserted or that could have been asserted" in the case); 1 Nation Tech. Corp., 924 So. 2d at 4-6 (finding offer to resolve "all claims that are or may be made by the Plaintiff against all

---

predecessor statute to the offer of judgment statute and set a different standard for entitlement to fees.

Defendants in this action" sufficiently descriptive and specific); Ambeca, Inc. v. Marina Cove Vill. Townhome Ass'n, Inc., 880 So. 2d 811, 813 (Fla. 1st DCA 2004) (awarding fees pursuant to offer to settle all claims already asserted "as well as any other claims which [plaintiff] might otherwise have or assert against [defendant]"). If there is an ambiguity in the use of the verb "made", that ambiguity must be construed against Plaintiff, who made the offer.

Further, it was only after the court granted Defendant summary judgment as to Plaintiff's claim for breach of the Services Agreement – and long after the offer expired – that Plaintiff alleged the existence of the Reimbursement Agreement. This action changed the parties' positions in ways they could not have anticipated at the time Plaintiff made its offer. See Segundo v. Reid, 20 So. 3d 933, 937 (Fla. 3d DCA 2009) (denying request for fees because, at the time plaintiff made his offer, both parties evaluated its merits based on the injuries alleged at that time, not injuries asserted later in the suit). Despite Defendant's vigorous attempts at the trial and appellate levels to characterize the two agreements as one and the same, the both the district court and Eleventh Circuit found them to be distinct and different. In fact, the Eleventh Circuit affirmed the District Judge's decision to exclude the initial complaint from evidence to "prevent jury confusion regarding the identity of the operative complaint and the claims asserted [under the Reimbursement Agreement], as opposed to prior claims [under the Services Agreement] that have been abandoned, modified, adjudicated, or otherwise rendered obsolete." (Dkt. 199 at 8-9) Although Plaintiff could have presented a second offer of judgment after amending its complaint to allege breach of the Reimbursement Agreement, it did not.

Additionally, Plaintiff's offer did not specify whether Plaintiff's claims were to be resolved by dismissal, release, or other means. Compare JES Props., 432 F. Supp. 2d at 1294 (offer

impermissibly failed to specify whether claims would be resolved by a release, dismissal, or any other means) with E. Atl. Realty, 14 So. 3d at 1218-19 (valid offer required immediate dismissal of claims and exchange of releases).  Defendant faced not just a hard choice of whether to settle, but was "unable to evaluate what [its] choices were ..." Connell, 866 So. 2d at 92 (movant not entitled to attorney's fees under offer of judgment statute because offer contained non-monetary condition that was not stated with sufficient particularity).

Finally, Plaintiff's reliance on the doctrine of res judicata to support its argument that its offer is valid is unpersuasive.  Based on the Eleventh Circuit's characterization of the two oral agreements as separate causes of action, however, it is unclear whether res judicata would apply. See Madura v. Countrywide Home Loans, Inc., 344 F. App'x 509, 518 (11th Cir. 2009) (per curiam) (unpublished) (Florida's res judicata doctrine premised on plaintiff refiling the same cause of action).  If Defendant had accepted the offer, it might still have been forced to litigate Plaintiff's claim for breach of the Reimbursement Agreement.  "An offer of judgment that would not allow immediate enforcement on acceptance is invalid." JES Props., 432 F. Supp. 2d at 1294 (citation and internal quotation marks omitted).

Plaintiff's offer of judgment was legally insufficient and cannot support an award of attorneys' fees.  Accordingly, there is no need to address Defendant's due process argument or its contention that Plaintiff has not demonstrated the reasonableness of its attorneys' fees.

  **B. Costs Under Fed. R. Civ. P. 54(d)**

Plaintiff requests $2,340.33 in costs incurred litigating this case.  Defendant argues that Plaintiff has not properly demonstrated that the costs are reasonable, were actually incurred, and authorized by law.

Even in diversity cases, the taxation of costs by a federal court is controlled by federal rather than state law. See Wendel v. USAA Cas. Ins. Co., No. 8:08-cv-536-T-23EAJ, 2009 WL 1971451, at *2 (M.D. Fla. July 8, 2009). Rule 54(d)(1), Fed. R. Civ. P., provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Under this rule, "there is a strong presumption that the prevailing party will be awarded costs." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007) (citation omitted). Pursuant to 28 U.S.C. § 1920, a court may award the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, interpreters, and special interpretation services.

28 U.S.C. § 1920.

A court cannot award costs other than those listed in 28 U.S.C. § 1920 unless authorized by another statute. United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). In addition, a court can only award costs that are "adequately described and documented." Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

### 1. Court Reporter Fees

Plaintiff requests $861.25 in court reporter fees. An invoice from Richard Lee Reporting for three deposition transcripts totaling this amount is attached to Plaintiff's Proposed Bill of Costs (Dkt. 172, Ex. A). According to Defendant, the court should not assess these costs against it because Plaintiff has not proven that it used the transcripts at trial.

9

It is enough that Plaintiff "necessarily obtained" the transcripts "for use in the case." 28 U.S.C. § 1920(2). Plaintiff's counsel attests to the necessity of the transcripts and the invoice indicates they were obtained for use in this case (Dkt. 172 at 1). Plaintiff's request for $861.25 in transcript costs should be granted.

### 2. Witness Fees

Plaintiff requests $596.84 in witness fees for Joel Adams' attendance at trial: $349.00 for airfare from Detroit to Tampa, $152.00 for lodging and food, and $95.84 in airport parking fees and travel expenses from Adams' home to the airport. These charges are supported by receipts attached to the Proposed Bill of Costs (Dkt. 172, Ex. B).

Generally, fees and disbursements for witnesses may be taxed under 28 U.S.C. §1920(3). However, this amount is limited by 28 U.S.C. § 1821. A witness is allowed actual travel expenses as limited by the 100-mile rule which states that travel expenses are limited to a distance of 100 miles absent "special circumstances." Maris Distrib. Co. v. Anheuser-Busch, Inc., No. 5:97-CV-15-Oc-10C, 2001 WL 862642, at * 3 (M.D. Fla. May 4, 2001). In determining whether special circumstances exist, the court considers the relevance and necessity of the witness's testimony, the existence of court approval before incurrence of the travel expenses, and whether the movant seeking costs could have obtained similar testimony from witnesses residing closer. Goodwall Constr. Co. v. Beers Constr. Co., 824 F. Supp. 1044, 1057 (N.D. Ga. 1992).

Plaintiff has not shown the existence of special circumstances concerning Adams' trial testimony. Thus, Plaintiff is entitled to recover for a total of 200 miles round trip for Adams' travel expenses (200 miles multiplied by 52 cents per mile[7]), or $104.00. Plaintiff's request for

---

[7] Plaintiff suggests this mileage rate and Defendant does not object.

reimbursement of Adams' airport parking fees ($48.00) should be granted as Plaintiff has provided proper documentation supporting this amount. See 28 U.S.C. § 1821(c)(3). Plaintiff's request for $152.00 in lodging and food expenses is also adequately supported by documentation and should be awarded. Plaintiff should be awarded $204.00 in witness fees rather than the $596.84 sought.

### 3. Copying Costs

Defendant contends the court cannot determine whether Plaintiff's claim for $882.24 in copying costs is reasonable or necessarily incurred because Plaintiff failed to provide adequate documentation.

In general, "[a] prevailing party may recover photocopy costs for copies that the party could have reasonably believed were necessary to the litigation." George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (citations and internal quotation marks omitted). "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." Desisto Coll., Inc. v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990). Copies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not taxable. Id. The burden of proof for copying expenses is on the moving party because the cost is within the exclusive knowledge of the moving party. Id. at 910, n.1.

The photocopying invoices attached to Plaintiff's Proposed Bill of Costs are for photocopying totaling $368.24 – not $882.24 as requested – and Plaintiff does not attest to a reasonable belief that the copies were necessary to the litigation (Dkt. 172, Ex. C). Nevertheless, Plaintiff should be awarded $83.04 in copying costs as this amount is supported by an invoice from

Document Technologies, Inc. for trial exhibits. As for the remaining costs (for which there is only scant documentation), Plaintiff's request should be denied.

### III.  Conclusion

Plaintiff's offer of judgment is facially invalid under Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442. Some of its costs are recoverable, however, pursuant to 28 U.S.C. § 1920. Plaintiff's **Motion for Attorney's Fees and Costs Pursuant to Offer of Judgment** (Dkt. 200) should be **DENIED** as to attorney's fees and **GRANTED in part** and **DENIED in part** as to costs and that Plaintiff be awarded $1,148.29 in costs.

Dated: July 29, 2010

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge