UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPECIALIZED TRANSPORTATION OF
TAMPA BAY, INC.,

        Plaintiff,
v.                              Case No. 8:06-cv-421-T-33EAJ

NESTLE WATERS NORTH AMERICA,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the July 29, 2010, report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 213), in which Judge Jenkins recommends that Plaintiff's Motion for Attorney's Fees and Costs Pursuant to Offer of Judgment (Doc. # 200) be denied to as to attorney's fees and granted in part as to costs. On August 11, 2010, Plaintiff filed its objections to Judge Jenkins' report and recommendation (Doc. # 214), and on August 25, 2010, Defendant responded to Plaintiff's objections. (Doc. # 215).

After careful consideration, the Court adopts Judge Jenkins' report and recommendation.

**I.  Legal Standard**

A district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. §

636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

## II. Analysis

After careful consideration and independent analysis, the Court determines that it is appropriate to overrule Plaintiff's objections and to adopt Judge Jenkins' report and recommendation. Specifically, the Court adopts her finding that Plaintiff's offer of judgment was legally insufficient and cannot support an award of attorney's fees.

Plaintiff's offer of judgment was not sufficiently particular, as it was ambiguous as to unpled claims, such as the Reimbursement Agreement, a claim upon which Plaintiff ultimately prevailed at trial. In addition, the amendment

2

adding the Reimbursement Agreement claim post-dated Plaintiff's offer of judgment and "changed the parties' positions in ways they could not have anticipated at the time Plaintiff made its offer." (Doc. # 213 at 7). Additionally, Plaintiff's offer of judgment did not specify whether Plaintiff's claims were to be resolved by dismissal, release, or other means.

Because the offer of judgment statute, Florida Statute Section 768.79, and Rule 1.442(c)(2) of the Florida Rules of Civil Procedure are in derogation of the common law rule that each party bear its own fees, they must be strictly construed. <u>Willis Shaw Express, Inc. v. Hilyer Sod, Inc.</u>, 849 So. 2d 276, 278 (Fla. 2003). Strict construction of Plaintiff's offer of judgment results in a finding that it is invalid. Thus, the Court finds that Plaintiff is not entitled to an award of attorney's fees in this case. However, the Court determines that Plaintiff should be awarded $1,148.29 in costs.[1]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 213) is **ACCEPTED**

---

[1] Neither party objected to Judge Jenkins' analysis of recoverable costs.

      **and ADOPTED.**

(2) Plaintiff's Motion for Attorney's Fees and Costs Pursuant to Offer of Judgment (Doc. # 200) is **DENIED** to as to attorney's fees and **GRANTED in PART** as to costs in the amount of $1,148.29.

      **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of August 2010.

                      VIRGINIA M. HERNANDEZ COVINGTON
                      UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record